UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dr. Bassam Assaf | ) | |
|     Plaintiff | ) | |
| | ) | |
|         v. | ) | 11-4108 |
| | ) | |
| OSF Healthcare System, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER | ) ) ) | |
|     Defendant | ) | |
| | ) | |

ORDER

Now before the Court are two motions: Defendant's Motion to Limit Discovery (#50) and Plaintiff's Motion to Compel (#56). These motions are fully briefed, and a hearing on these motions was held on Jan. 28, 2014. I have carefully considered the submissions and arguments of the parties. The motion to compel (#56) is granted in part and denied in part, as stated herein. The motion to limit discovery (#50) is granted as stated herein.

I. WRITTEN DISCOVERY GENERALLY

The scope of discovery is governed by FRCP 26(b), which provides that discovery may be had on any subject not privileged that is relevant to the claims and defenses raised by the parties. The evidence need not be admissible to be discoverable, so long as it is reasonably likely to lead to the discovery of relevant information. This Rule - and the other discovery rules - apply with equal force to ESI.

Discovery is limited in other ways stated in FRCP 26(b)(2)(C): it cannot be unreasonably cumulative or duplicative. If some other source is more convenient or less burdensome or less expensive, the request should be limited. It should also be limited if the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues, and the importance of the discovery.

Interrogatories are governed by FRCP 33, and Requests for documents by FRCP 34. Both rules incorporate the scope of discovery from Rule 26(b). Each interrogatory must be answered to the extent it is not objected to, and grounds for objections must be stated with specificity. An interrogatory can be answered by referring to documents. The same is true for document requests: the requests must be reasonably descriptive, and the answers must either allow production/inspection or state a specific objection.

## II. LAW OF EMPLOYMENT DISCRIMINATION

In order to evaluate the discovery disputes, elements of Plaintiff's claim must be considered, so issues of relevance and burden can be evaluated.

In this case, Plaintiff Dr. Bassam Assaf alleges that Defendant OSF Healthcare System (herein, "OSF") discriminated against him and retaliated against him on the basis of race and national origin, in violation of Title VII. He also claims breach of contract and violation of the Illinois Wage Payment and Collection Act.

Ultimately, if this case goes to trial, Dr. Assaf will have to prove that intentional discrimination motivated an adverse employment decision. Before trial, however, he will have to survive summary judgment. To do that, Dr. Assaf will either have to have direct evidence of discrimination - which is not at issue in the pending motion - or will have to succeed at the burden shifting, *McDonnell Douglas* test by establishing a *prima facie* case of discrimination - which requires evidence that

> (1) plaintiff was a member of the protected class;
> (2) plaintiff was qualified for the job in question or was meeting the employer's legitimate performance expectations;
> (3) plaintiff suffered an adverse employment action; and

>   (4) the employer treated similarly situated persons not in a protected class more favorably.

*Bragg v Navistar Intn'l Transp. Corp.*, 164 F3d 373, 376 (7th Cir 1998). If the *prima facie* case is established, then there is a rebuttable presumption of discrimination, which can be rebutted if defendant articulates a legitimate, non-discriminatory reason for the adverse employment decision. The burden then returns to the plaintiff to show that the reason was pretext.

## III DISCUSSION

Dr. Assaf has served written discovery on OSF. OSF responded to interrogatories and requests for documents, producing some paper documents and stating objections to some of the discovery. In addition, OSF acknowledged that more information and documents were available in electronic form. OSF has been trying since May of 2013 to get agreement from Dr. Assaf regarding the parameters of a search for relevant electronically stored information (ESI). At no time since OSF's initial proposal has Dr. Assaf responded in any way other than to reject the proposal. He has not proposed alternative terms or record custodians or participated in any meaningful way in determining the scope of this search.

Dr. Assaf's refusal to make his own proposal was based in part, as his counsel informed the Court, on OSF's statement that it would conduct one and only one ESI search. If the initial ESI search reveals that additional information exists and should be searched for, Dr. Assaf can, of course, bring that matter to the Court's attention via a properly documented motion. At this time, however, the parties must conduct this search. There must be agreement on the parameters of the search, and Dr. Assaf must either participate in determining the parameters for a reasonable initial search or forfeit any right to do so.

At the hearing, the parties were directed to come to agreement promptly on the parameters of the ESI search and to file a status report within 14 days detailing their agreement.

To the extent that Plaintiff's motion to compel is based on OSF's failure to produce electronic documents, I find that the motion is premature, as Plaintiff cannot possibly under these circumstances assert that he has engaged in good faith efforts to resolve the dispute. Accordingly, the Motion to Compel is denied to the extent it seeks ESI, and the Motion to Limit Discovery is granted to the extent is seeks to compel Dr. Assaf to participate in this process.

Several matters underlying some of the disputes were resolved at the hearing. For example, the parties acknowledge this Court's previous ruling that the relevant time frame for discovery is Jan. 1, 2002 through Dec. 31, 2007. To the extent that paper documents already produced do not encompass this entire time frame, responses must be supplemented.

Likewise, the parties now agree that any written discovery about "OSF" is limited to the INI Department at the OSF facility in Peoria, IL. To the extent that the motion to compel seeks production of documents or information about other OSF facilities or departments or employees and patients at other OSF facilities or departments, the motion is denied.

In the parties' mandatory disclosures under FRCP 26(a), the identities of 22 individuals with knowledge were disclosed, some by Dr. Assaf and some by OSF. To date, OSF has provided personnel files of the individuals it identified. At the hearing, OSF indicated its willingness to produce the personnel files of the individuals identified by Dr. Assaf. To the extent the motion to compel sought those files, the motion is granted. OSF shall supplement its response by making these files available within 14 days of this date.

The question of who is a comparator to Dr. Assaf is an issue not before the Court at this time, and the Court need express no final decision as to that matter at this time. Suffice it to say that information about potential comparators is relevant and discoverable. However, it must be noted that Dr. Assaf has made no argument that any INI employee other than a physician might

fall into that category, nor has he shown a need for the personnel records of non-comparators who lack knowledge of the events in this litigation. The scope of discovery at this time is bounded by the Court's understanding of the definition of "comparator" and a common sense application of that understanding to the facts of this case: any comparator must be a physician. If Plaintiff believes this assumption is incorrect, the matter can be raised and properly briefed in a subsequent motion. For purposes of the pending motions and this Order, however, that limitation applies to both paper and electronic discovery.

In response to the Court's questioning, OSF indicated that there may be physicians who were employed at INI during the relevant time period who have not yet been disclosed and for whom no documents have been provided. Because these physicians may be comparators to Dr. Assaf, OSF must supplement within 14 days its production of documents to include these physicians.

In Interrogatory 1 and Request 1, Plaintiff basically asked OSF for a listing of all "administrators, physicians and staff members" of INI for the entire time frame, with certain information about each of them. First, no such document exists; OSF would have to create it. The Request to produce it is denied for that reason. As to the interrogatory asking for this information, Plaintiff has made no showing that the information being sought is relevant, except as to the 22 people identified in the parties' Rule 26(a) disclosures and any INI physician employed during the relevant time period. The motion to compel an answer to this interrogatory is denied to the extent it seeks information about any employee other than the 22 people identified in the parties' Rule 26(a) disclosures and any INI physician employed during the relevant time period.

Dr. Assaf asserts that the personnel files he has received are incomplete because they do not appear to include any disciplinary information. According to OSF, if disciplinary actions were imposed, those actions would be reflected in the personnel files. If the files contain no such information, then none exists. If OSF has not formally supplemented its responses to written discovery seeking these files to include this information, it shall do so within 14 days.

With respect to privilege and OSF's failure to provide a privilege log, OSF states that it has withheld only one email printout on the basis of privilege. OSF requests that it be allowed to prepare one single privilege log after the ESI search is conducted. Dr. Assaf stated no opposition to that request. Any issue in the motion to compel relating to privilege or privilege log is therefore moot. A privilege log must be properly prepared and served when discovery is supplemented with ESI.

Plaintiff has sought OSF "medical and operational" policies and procedures. In response, OSF produced its Professional Staff Policy Books. It also provided indices of Ambulatory Policies and HR Policies, asking Plaintiff to identify the ones being sought. To date, Dr. Assaf has not done so. He is directed to review the indices and identify the policies being sought. Once OSF has received identification of the policies, it shall supplement its response within 14 days.

Dr. Assaf has requested all documents "related to complaints made regarding INI personnel and activities by employees or patients." OSF responds that it was able to reproduce certain records about patient complaints but "has determined that these records were not maintained in the ordinary course of business and either no longer exist or are unrecoverable."

At the hearing, Plaintiff explained that certain records of *patient* complaints would be relevant to this litigation because at his deposition, he was confronted with "patient concern logs" and other documents indicating patient complaints. These documents were used as part of

the justification for terminating his employment. He believes, however, that patient complaints were made about other physicians and that he should be able to show that these complaints were not a proper basis for OSF's actions.

OSF responds, however, that these documents are not maintained in the ordinary course of business and are not placed routinely in employee HR files. The documents that relate to Dr. Assaf exist because they were copied and provided as part of the EEOC investigation into his charge of discrimination. OSF cannot, however, recover these records as to other physicians.

Of course, if these records do not exist, OSF cannot produce them. Plaintiff is entitled, however, to more of an explanation than OSF has given. OSF shall provide Dr. Assaf with an affidavit from a person with knowledge of document retention explaining how these documents are generated, who deals with them, and what is done with them. Information about OSF's document retention policy would certainly be helpful as well.

Plaintiff has also sought documents about OSF's Employee Assistance Program (EAP). When asked how these documents were relevant, his counsel explained that there was evidence of discord in the INI Group before he was employed and evidence that EAP was involved somehow with his predecessor and the INI employees. I find that these documents are relevant.

OSF responds, however, that it employs a third party administrator to manage the EAP program and that the documents are therefore not in their control. Counsel acknowledged, however, that no effort had been made to ask the third party administrator for those documents. The Court acknowledges the necessity for separation of EAP documents from the employer. In this instance, however, a very limited request for those documents relating to the INI department during the 2 year period preceding Dr. Assaf's employment must be made by OSF. If for some reason, the third party administrator declines to produce those documents voluntarily, OSF shall

immediately notify Dr. Assaf's counsel of that fact and shall identify the third party administrator. Plaintiff shall then be responsible for serving a subpoena for the relevant documents. More than that the Court cannot do at this time. If a subpoena is issued and objected to, the Plaintiff must bring the matter to the Court's attention promptly.

In Request 7, Plaintiff seeks financial information about OSF from 2005 to the present. Presumably, this information is sought in relation to Plaintiff's punitive damages claim. As to that claim, only the most recent information would be important. In its response, OSF proposed to produce the Form 990 it prepares annually for the IRS for the years 2010 to the present. That appears to be sufficient at this time, without prejudice to further inquiry if justified. If OSF has not yet produced those Forms, it should do so within 14 days.

## IV. CONCLUSION

The Court believes that this Order resolves all aspects of the two motions that are properly presented at this time. Accordingly, as stated herein, the Motion to Compel is denied in part and granted in part. The motion to limit discovery is granted as stated herein.

Entered: January 29, 2014

s/ John A. Gorman

John A. Gorman
U.S. Magistrate Judge