**E-FILED**
Thursday, 19 February, 2015 04:46:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| BASSAM ASSAF, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 11-4108 |
| v. | ) | |
| | ) | Judge: Michael M. Mihm |
| OSF HEALTHCARE SYSTEM, d/b/a ST. FRANCIS MEDICAL CENTER, | ) | Magistrate Judge: Jonathan E. Hawley |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION IN LIMINE TO BAR EVIDENCE OF PLAINTIFF'S OTHER LITIGATION OR DISPUTES WITH PRIOR OR SUBSEQUENT EMPLOYERS**

NOW COMES the Plaintiff, Dr. Bassam Assaf, through his attorneys, The Law Offices of Eugene K. Hollander, and for his Motion In Limine To Bar Evidence of Plaintiff's Other Litigation or Disputes with Prior or Subsequent Employers, states as follows:

1. Plaintiff filed a breach of contract case against Trinity Medical Center, in the U.S. District Court for the Central District of Illinois, Case No. 10 C 4021. The case was based on Trinity's breach of a settlement that it entered into with Dr. Assaf regarding his claims of discrimination with the EEOC and IDHR, breach of contract and failure to pay wages as required by the Illinois Wage Payment and Collection Act.

2. Plaintiff also filed a lawsuit against Medical Arts, et al. in the Circuit Court of 14th Judicial Circuit, Case No. 08 L 066. The case is pending and involves a claim for violation of the Right of Publicity Act, tortious interference with business expectancy and defamation.

3. Plaintiff also filed a claim for unpaid wages, bonuses and severance as an unsecured priority creditor in the bankruptcy of Neurology Consultants, S.C. in the U.S. Bankruptcy Court for the Central District of Illinois, 08-8330.

4. The Seventh Circuit has developed a four-part test to determine whether evidence of prior acts is admissible under Fed. R. Evid. 404(b): "(1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value." Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 775-76 (7th Cir. 2001), *citations omitted*.

5. In the instant case, any evidence of Plaintiff's other litigation would serve only to suggest to the jury that Dr. Assaf is litigious. The Seventh Circuit has stated that other lawsuits cannot be used at trial for that purpose. See Mathis, 269 F.3d at 775. Rather, other litigation is only admissible if there is some other relevant purpose, such as to demonstrate a plan, scheme or *modus operandi*. Id. There is no other relevant purpose for this evidence. Although the court in Mathis suggested that the plaintiff's series of prior lawsuits against car dealerships that had refused to hire him might have been relevant to establish that he had a plan or scheme to harass potential employers, the fact that the merits of those lawsuits were disputed weighed against their admission. Id. at 776. In the instant case, there is no evidence that Plaintiff's other lawsuits lack merit or were filed for any improper purpose. Ultimately, the Seventh Circuit in Mathis affirmed the trial court's decision to exclude evidence of the plaintiff's prior lawsuits. Id. at 776-77.

6. Even if some other relevant purpose exists, the court must determine whether the probative value is outweighed by unfair prejudice. As the Seventh Circuit has observed, such evidence tends to be highly prejudicial. See Mathis, 269 F.3d at 776-77. Defendant is attempting to introduce Defendant's Exhibits 126 (Dr. Assaf's Motion for Summary Judgment in the Trinity

case), 127 (Deposition of Dr. Assaf in the Trinity case), 137 (Trial testimony of Dr. Assaf in the Trinity case), and Defendant's Exhibit 5 (to the extent it references Plaintiff's other litigation) in order to inject Plaintiff's other litigation into this case. This should be barred as the only purpose is to portray plaintiff as litigious. Dr. Assaf's motion for summary judgment in the Trinity case was granted on August 15, 2011 when the court found Trinity to be in breach of the contract and ordered the rest of litigation to be on damages only. A judgment was entered in favor of Dr. Assaf on December 15, 2011 for certain damages. Dr. Assaf testified regarding those damages in his deposition in the instant case. To the extent that Plaintiff's recoveries from Trinity and Neurology Consultants, S.C. may affect the calculation of his back pay, this can be addressed at trial without the need to refer to the litigation. Indeed, although the court may obtain advice from the jury on the amount of back pay to be awarded, back pay is an equitable remedy which is decided by the court unless the parties agree otherwise. See David v. Caterpillar, Inc., 324 F.3d 851, 866 (7th Cir. 2003); Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 499-501 (7th Cir. 2000). See also EEOC v. Bank of America, 2014 U.S. Dist. Lexis 147979, * 2-3 (evidence relating to back pay in disability discrimination case excluded based on plaintiff's argument that needless confusion and the potential for unfair prejudice would be created by allowing such legally extraneous evidence to be put before the jurors). OSF has no purpose in incorporating Dr. Assaf's other litigation except to prejudice the jury against Plaintiff and cause unnecessary confusion. Accordingly, all evidence of Dr. Assaf's other litigation should be excluded from trial.

7. In addition, at his deposition, Dr. Kattah testified that he allegedly was aware of some unspecified "trouble" regarding Dr. Assaf's prior employment. This evidence, along with any other evidence of any disputes that Dr. Assaf may have had with former or subsequent

employers, is irrelevant to the issues in this case. In Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 540-43 (S.D.N.Y. 2005), the court granted the plaintiff's motion to exclude evidence of alleged insubordination at two prior employers on the ground that such evidence was impermissible character evidence which was not relevant to her claim of discrimination. The court also found that such evidence did not constitute evidence of habit for purposes of Fed. R. Civ. P. 406, as it could not be construed as evidence of a "regular response to a repeated specific situation." Id. at 543. Furthermore, the court found that the evidence was also inadmissible under Fed. R. Civ. P. 403 due to the fact that it would require a "trial within a trial" regarding the plaintiff's performance at her prior employers. Id. The court found that any slight probative value would be outweighed by the confusion it would cause to the jury and the delay to the core proceedings of the trial. The same reasoning applies in the instant case.

**WHEREFORE**, Plaintiff, Dr. Bassam Assaf, respectfully requests that this Honorable Court enter an order instructing the Defendant and its counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any evidence or argument concerning Plaintiff's Other Litigation or Disputes with Prior or Subsequent Employers and barring defendant from using any documents containing references to such evidence, including but not limited to Defendant's Exhibits 126, 127, 137, and Defendant's Exhibit 5 (to the extent it references Plaintiff's other litigation) and instructing Defendant and its counsel to not to make any reference to the filing of this motion or this Court's ruling thereon.

Respectfully submitted,
Plaintiff,

By: /s/ Paul W. Ryan
One of his attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, Illinois 60606
(312) 425-9100

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused copies of the foregoing **Motion In Limine To Bar Evidence of Plaintiff's Other Litigation or Disputes with Prior or Subsequent Employers** to be served upon all counsel of record by electronically filing same using the Court's CM/ECF system on this 19th day of February 2015 before 5:00 p.m.

/s/ Paul W. Ryan