UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BASSAM ASSAF, M.D., | ) |
| Plaintiff, | ) |
| | ) Case No.: 11-4108 |
| v. | ) |
| | ) Judge: Michael M. Mihm |
| OSF HEALTHCARE SYSTEM, d/b/a ST. | ) Magistrate Judge: Jonathan E. Hawley |
| FRANCIS MEDICAL CENTER, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED DOCUMENTS**

NOW COMES the Plaintiff, Dr. Bassam Assaf, through his attorneys, The Law Offices of Eugene K. Hollander, and for his Motion In Limine To Exclude Undisclosed Documents, states as follows:

1. Fed. R. Civ. P. 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

2. In its exhibit list, Defendant listed the following exhibits which were not disclosed in discovery: Exhibit 129 (CV of Dr. David Wang), Exhibit 130 (Letter of Reference of Dr. Areen Said from Dr. Wang), Exhibit 131 (CV of Dr. Sarah Zallek), Exhibit 132 (CV of Dr. Erhan Ergene), Exhibit 133 (Photo of Neuro Residency Program Graduates), Exhibit 134 (Poster Session Photo), Exhibit 138 (2-page Color Pictorial of INI Directory of Specialists), and Exhibit 139 (Color Pictorial of INI Directory of Specialists).

3. Additionally, Defendant tendered several statements of OSF employees to Plaintiff's counsel on July 9, 2014, three business days prior to the July 14, 2014 discovery cutoff date. The statements are from 2004 and were in the possession of Dr. Sarah Zallek. She

testified that she was not asked to provide them earlier.  <u>Zallek Dep.</u>, p. 61-62, attached hereto as <u>Exhibit 1</u>.  Defendant has listed the statements of Cindy Crawford, Patti Comeens, Sandra Spiller and Donna Younglove as Exhibits 93A, 93B, 93C, and 93D, respectively.  Comeens and Spiller were deposed prior to the time that these statements were tendered to Plaintiff, and there was not enough time left to schedule the depositions of Crawford or Younglove prior to the discovery cutoff.  Furthermore, Dr. Zallek testified that she normally would have discussed these statements with Dr. Baker and/or Dr. Kattah or Dr. Elwood.  <u>Zallek Dep.</u>, p. 64.  Dr. Baker and Dr. Elwood were both deposed prior to the production of these documents.  Accordingly, Plaintiff was unable to question Dr. Baker or Dr. Elwood about these statements.  Allowing Defendant to use them at trial would result in unfair surprise to Plaintiff.

    **WHEREFORE**, Plaintiff, Dr. Bassam Assaf, respectfully requests that this Honorable Court enter an order instructing the Defendant and its counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, Defendant's Exhibits 93A, 93B, 93C, 93D, 129, 130, 131, 132, 133, 134, 138, and 139 at trial and instructing Defendant and its counsel to not to make any reference to the filing of this motion or this Court's ruling thereon.

                                        Respectfully submitted,
                                        Plaintiff,

By:   <u>/s/ Paul W. Ryan</u>
       One of his attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, Illinois 60606
(312) 425-9100

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that he caused copies of the foregoing **Plaintiff's Motion In Limine To Bar Undisclosed Documents** at trial to be served upon all counsel of record by electronically filing same using the Court's CM/ECF system on this 19th day of February 2015 before 5:00 p.m.

                                                                          /s/ Paul W. Ryan