UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BASSAM ASSAF, M.D., | ) |
| Plaintiff, | ) |
| | ) Case No.: 11-4108 |
| v. | ) |
| | ) Judge: Michael M. Mihm |
| OSF HEALTHCARE SYSTEM, d/b/a ST. FRANCIS MEDICAL CENTER, | ) Magistrate Judge: Jonathan E. Hawley |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED DOCUMENTS**

COMES NOW the defendant, OSF HEALTHCARE SYSTEM ("OSF"), by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Opposition to Plaintiff's Motion in Limine to Exclude Undisclosed Documents, states the following:

**I.     The Plaintiff Has Not Been Prejudiced or Surprised By Any Tardiness in Disclosure**

Plaintiff moves the Court to exclude Defendant's Exs. 129-134, 138, and 139, on the grounds that they were not previously produced. Those exhibits include the curriculum vitae of three physician witnesses, a letter of reference from witness Dr. David Wang regarding another physician of Mideastern descent, and three photo directories of the neurologists at OSF. The motion should be denied as the contents of such documents were previously produced to plaintiff, plaintiff is neither prejudiced nor surprised, and the defendant's actions were performed in good faith.

The determination of whether the nondisclosure is justified or harmless resides in the broad discretion of the district court. *Bronk v. Ineichen,* 54 F.3d 425, 432 (7th Cir. 1995). The factors that should guide the district court's discretion are (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure the prejudice; (3) the likelihood of

disruption to the trial; and (4) any bad faith or willfulness in not disclosing the evidence earlier. *David v. Caterpillar, Inc.,* 324 F.3d 851, 851 (7th Cir. 2003); *see also Only The First, Ltd. v. Seiko Epson Corp.*, 822 F.Supp.2d 767, 778-783 (N.D. Ill. 2001) (no prejudice or surprise found despite late disclosure of opinions and documents). The discovery record in this case shows that the plaintiff had already received notice or possessed knowledge of much of the data contained in the documents OSF has marked for trial as Defendant's Exs. 129-134 and 138-139.

## II.     Plaintiff Knew the Contents of OSF Neurologists' CVs

With respect to Defendant's Ex. 129, (CV of Dr. Wang), OSF previously produced to plaintiff copies of Dr. Wang's application for employment which detailed his educational and medical practice history prior to joining OSF. (Opposition ("Opp.") Ex. 1, OSF 6312-6314). Plaintiff also received a copy of Dr. Wang's personnel file. (OSF 6253-6402). Moreover, OSF delivered to plaintiff an earlier version of Dr. Wang's CV. (Opp. Ex. 2, OSF 6398-6400). Plaintiff knew Dr. Wang's bona fides and that OSF would raise at trial the educational and professional credentials of Dr. Wang.

Regarding Defendant's Ex. 131, (CV of Dr. Sarah Zallek), plaintiff's counsel previously questioned Dr. Zallek about her professional credentials, experience, and qualifications when he deposed her on July 10, 2014. (Opp. Group Ex. 3, Zallek Dep. at 6-8, 14-15, 23-25, and 72-73). In addition, plaintiff admitted his awareness that Dr. Zallek ran the OSF Sleep Clinic. (Opp. Ex. 4, Assaf Dep. at 96-97). OSF also produced to plaintiff a copy of Dr. Zallek's application for employment (Opp. Ex. 5, OSF 6674-6676), along with her personnel file which contains data about her educational history and medical training. (OSF 6612-6686). OSF also supplied plaintiff a copy of Dr. Zallek's State of Illinois licensure in effect in 2002. (Opp. Ex. 6, OSF 6612). Plaintiff also questioned Dr. Zallek about her leadership roles including serving as Director of Neurology from 2005 onward. (Opp. Group Ex. 3, Zallek Dep. at 6-7). OSF

informed plaintiff of its intent to submit at trial the educational, professional, and administrative accomplishments of Dr. Zallek. In addition, plaintiff knew of and explored with Dr. Zallek in discovery the content and scope of data contained in her CV.

As for Defendant's Ex. 132 (CV of Dr. Erhan Ergene), OSF provided plaintiff a copy of Dr. Ergene's Illinois licensure in effect during 2004 and 2005. (Opp. Ex. 7, OSF 3206). Plaintiff also received a copy of Dr. Ergene's application for employment with OSF in which Dr. Ergene detailed his prior educational and medical practice history. (Opp. Ex. 8, OSF 3230-3232). Furthermore, plaintiff received copies of the personnel file of Dr. Ergene. (OSF 3147-3253). Plaintiff knew of the credentials Dr. Ergene possesses. He lacks surprise over the use of such data at trial, and cannot substantiate any claim of prejudice.

### III. OSF's Post-Summary Judgment Motion Production of Dr. Wang's Letter of Reference for Dr. Said

Defendant's Ex. 130 (2010 letter of reference of Dr. Areen Said from Dr. Wang) did not appear in OSF's prior document productions. Yet given the global diversity of OSF's physicians and residents, it is not a surprise that Dr. Wang found other international physicians like Dr. Said to perform very well at OSF. Furthermore, some issues between plaintiff and OSF were newly disputed after summary judgment proceedings, rendering the use of Dr. Wang's previously undiscovered letter appropriate for trial. *McCarthy v. Option One Mortgage Corp.*, 362 F.3d 1008, 1012 (7th Cir. 2004) ("In light of the fact that some issues were not disputed until summary judgment, the defendant's failure to initially disclose some evidence appears to have been substantially justified."). Plaintiff did not depose Dr. Wang. Moreover, plaintiff cannot deny that recruitment and placement efforts continued at OSF after his OSF employment contract was terminated.

## IV.   Plaintiff Knew of Global Diversity of OSF's Neurologists

OSF previously forwarded to plaintiff, with its original Rule 26 disclosures, a copy of its EEOC position statement in which OSF listed the national origin of other neurologists at OSF, many of whom come from around the world. (Opp. Ex. 9 at 7-8, OSF 0632-0639). Plaintiff also received in the same set of documents a copy of the Illinois Neurological Institute ("INI") Directory of Specialists. (Opp. Ex. 10, OSF 0672-0674). Defendant's Exs. 133-134, and 138-139 contain the same data in the documents previously produced to plaintiff. Plaintiff received notice of the national origin data on other OSF neurologists, and the previously expressed intent of OSF to refer to its other neurologists and resident physicians as coming from other countries around the globe as a matter of fact. The photo arrays are from existing documents, not prepared for this trial, and they will also be used for demonstrative purposes to illustrate the ethnic diversity of the physician staff at INI. Demonstrative exhibits are not subject to Rule 26 disclosure, as the plaintiff recognizes with its own demonstrative exhibit. The decision to admit demonstrative evidence is largely within the discretion of the trial court. *Sedlack v. General Motors Corp.,* 253 F.2d 116, 117 (7th Cir. 1958). The plaintiff does not suggest that the photos are inaccurate or that he would have done anything differently in the litigation had they been disclosed earlier. The Court should deny plaintiff's motion to bar Defendant's Exs. 133, 134, 138 and 139, all documents which contain or depict information regarding the global diversity of neurologists at OSF.

## V.   Plaintiff Received Dr. Zallek File Documents During Discovery

Plaintiff's description of the nature of the documents Dr. Zallek maintained and which were produced prior to her deposition testimony is inaccurate. Despite his claim that the documents were provided too late in discovery for his counsel to depose the witnesses, counsel extensively questioned Dr. Zallek about the file documents she maintained. (Opp. Group Ex. 3,

4

Zallek Dep. at 60-67). The Court may note that plaintiff deposed Dr. Zallek about the very topics raised by the documents which plaintiff seeks to exclude. As a result, plaintiff knew the substance or content of the documents at issue, and had received notice of OSF's intent to use such documents at trial. Plaintiff will not sustain any harm or prejudice where there is no surprise. *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 888 (7th Cir. 2004); *Fidelity & Deposit Co. of Md. v. Krebs Engineers,* 859 F.2d 501, 511-512 (7th Cir. 1988).

## VI.  Conclusion

The cited documents produced to plaintiff's attention reflect the prior knowledge and notice he possessed, and the absence of any prejudice plaintiff could conceivably sustain due to OSF's use at trial of the CVs of Dr. Wang, Dr. Zallek and Dr. Ergene. In similar fashion, plaintiff has known for years that OSF would cite national origin data on other OSF neurologists at trial. In addition, plaintiff examined Dr. Zallek over the documents she maintained in her own file. There is no unfair surprise to plaintiff. In the alternative, should plaintiff obtain any relief, OSF requests that to the extent the Court bars admission of any of defendant's exhibits at trial, the Court grant OSF leave to use any such documents as demonstrative exhibits or for purposes of impeachment at trial.

WHEREFORE, the defendant, OSF HEALTHCARE SYSTEM, requests that this Court deny Plaintiff's Motion in Limine to Exclude Undisclosed Documents, and deny the plaintiff the relief he seeks through his motion in limine.

Respectfully submitted,

/s/ L. Lee Smith
L. Lee Smith
Ambrose V. McCall
HINSHAW & CULBERTSON LLP
416 Main Street, 6th Floor
Peoria, IL 61602
Telephone: 309-674-1025
Facsimile: 309-674-9328
lsmith@hinshawlaw.com
amccall@hinshawlaw.com

Attorneys for Defendant,
OSF HEALTHCARE SYSTEM

80648201v1 0930622

**CERTIFICATE OF SERVICE**

  I hereby certify that on **March 12, 2015**, I electronically filed this **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED DOCUMENTS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Eugene K. Hollander
Paul W. Ryan
THE LAW OFFICES OF EUGENE K. HOLLANDER
230 W. Monroe St., Suite 1900
Chicago, IL 60606
*(Attorney for Plaintiff)*

      /s/ L. Lee Smith
      Attorneys for Defendant
      HINSHAW & CULBERTSON LLP
      416 Main Street, 6th Floor
      Peoria, IL 61602

80648201v1 0930622